## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISISNA

| | |
|---|---|
| **BY EQUITIES, LLC** | **NO:** |
| **VERSUS** | **CIVIL ACTION** |
| **CARVER THEATER PRODUCTIONS, LLC AND EUGENE OPPMAN** | |

### COMPLAINT TO COLLECT AMOUNTS DUE UNDER PROMISSORY NOTE AND CONTINUING GUARANTY AND FOR RECOGNITION OF COMMERCIAL SECURITY AGREEMENT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, BY Equities, LLC ("BY"), which for its complaint against Carver Theater Productions, LLC and Eugene G. Oppman respectfully represents as follows:

### I.   PARTIES, JURISDICTION AND VENUE

**1.**

Plaintiff, BY, is a limited liability company organized under the laws of the State of Nevada, with its sole member being a citizen of the State of California.

**2.**

Defendant Carver Theater Productions, LLC ("Carver") is a limited liability company organized under the laws of the State of Louisiana, none of whose members are, upon information and belief, citizens of the State of Louisiana.

**3.**

Defendant Eugene G. Oppman is an individual of the full age of majority domiciled in, and hence a citizen of, the State of Louisiana.

**4.**

This Court has jurisdiction over the subject matter of this proceeding under 28 U.S.C. § 1332(a)(1) because the plaintiff and the defendants are citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**5.**

Venue in the Eastern District of Louisiana is proper under 28 U.S.C. § 1391(b)(1) and (2) because the defendants all reside in this district and a substantial part of the events giving rise to the claim occurred and a substantial part of the property that is the subject of this action is situated in this district.

## II.   THE NOTE BY CARVER

**6.**

BY is the holder, for good and valuable consideration, of a Promissory Note (the "Note") made by Carver dated January 29, 2015 payable to the order of First NBC Bank in the principal amount of $1,590,278.00, with payment terms as more fully described therein and a maturity date of May 1, 2015.  A copy of the Note is attached as Exhibit A.

**7.**

Carver expressly waived in the Note the requirement of presentment for payment, demand, notice of non-payment, protest, all pleas of discussion, and all other demands and notices in connection with the payment and enforcement of the Note.

**8.**

The Note provides that in the event suit is brought against Carver to collect the Note, then Carver shall be responsible to pay the noteholder's reasonable attorneys' fees not to exceed 25% of the principal balance due on the Note.

**9.**

The Note was modified by a Change in Terms Agreement executed by Carver dated August 28, 2015 that increased the maximum principal indebtedness under the Note to $1,628,977.72 and extended the maturity date to February 1, 2016. A copy of the August 28, 2015 Change in Terms Agreement is attached as Exhibit B.

**10.**

The Note was further modified by a second Change in Terms Agreement executed by Carver dated March 8, 2016 that, among other things, acknowledged the increase in the principal balance to $1,628,977.72 and extended the maturity of the obligation to December 5, 2016. A copy of the March 8, 2016 Change in Terms Agreement is attached as Exhibit C.

**11.**

The Louisiana Office of Financial Institutions closed First NBC Bank on April 28, 2017 and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver.

**12.**

The FDIC as receiver for First NBC Bank assigned the Note as modified by the Change in Terms Agreements to OSK VII, LLC by Allonge dated as of October 18, 2017. A copy of the October 18, 2017 Allonge is attached as Exhibit D.

**13.**

OSK VII, LLC in turn assigned the Note to BY by Allonge executed on December 12, 2019. A copy of the December 12, 2019 Allonge is attached as Exhibit E. BY remains the holder and owner of the Note.

### III. THE COMMERCIAL GUARANTY BY OPPMAN

**14.**

On November 1, 2013, Oppman executed a Commercial Guaranty in favor of First NBC Bank in which he absolutely and unconditionally guaranteed full and punctual payment and satisfaction of all indebtedness of Carver to First NBC, whether then existing or later arising, on an open and continuing basis. A copy of the Commercial Guaranty is attached as Exhibit F.

**15.**

By its terms, the Commercial Guaranty was for the benefit not only of First NBC Bank but also "for such other person or persons as may from time to time become or be the holders of all or any part of" Carver's indebtedness, including BY as the holder of the Note originally made payable to the order of First NBC Bank.

**16.**

In the Commercial Guaranty, Oppman expressly waived the requirement of presentment for payment, demand, notice of non-payment, protest, all pleas of discussion, and all other demands and notices in connection with the payment and enforcement of his obligations thereunder.

**17.**

Under the terms of the Commercial Guaranty, Oppman is obligated solidarily with Carver for all obligations of Carver to BY under the Note to the same extent as if Oppman had been a co-borrower, co-principal obligor or co-maker of the Note.

### IV. THE SECURITY AGREEMENT

**18.**

On January 29, 2015 Carver executed a Commercial Security Agreement ("Security Agreement") pursuant to La. R.S §§10:9-101 *et seq,* to secure repayment of any and all present

and future indebtedness of Carver in favor of First NBC Bank and its assignees, including, but not limited to, the Note. A copy of the Security Agreement is attached as Exhibit G.

**19.**

In the Security Agreement, Carver granted a continuing security interest in favor of First NBC Bank and its assignees over the following:

> All of [Carver's] now owed (sic) or hereafter acquired right, title and interest in and to each of the following:
>
> (a) All accounts, notes and pledges receivable;
>
> (b) All general intangibles, including, but not limited to, proceeds to be derived from:
>
> > (i) Capital contributions received by [Carver] directly or indirectly from State Tax Credit Investor(s) related to State of Louisiana Historic Restoration Tax Credits and State of Louisiana Live Entertainment Performance Tax Credits
> >
> > (ii) Proceeds of equity investments made by State Tax Credit Investor(s).

**20.**

In the Security Agreement, Carver confessed judgment and acknowledged to be indebted unto and in favor of First NBC Bank, up to the full amount of all indebtedness secured thereby, in principal, interest, costs, expenses, attorney's fees and other fees and charges. Carver further waived the benefit of appraisal as provided in articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure and all other laws with regard to appraisal upon judicial sale; the demand and three days delay provided under articles 2639 and 2721 of the Louisiana Code of Civil Procedure; the notice of seizure as provided under articles 2293 and 2721 of the Louisiana Code of Civil Procedure; the three days delay provided under articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and all other benefits provided under articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure.

**21.**

The security interest granted in favor of the lender in the Security Agreement was perfected by virtue of the following filings in Orleans and Jefferson Parishes:

A. Orleans Parish

 i. UCC Financing Statement filed November 30, 2012 in favor of First NBC Bank as UCC #36-1108328.

 ii. UCC Financing Statement Amendment filed October 16, 2017 as UCC #36-2017-40150 continuing effect of original Financing Statement.

 iii. UCC Financing Statement Amendment filed December 4, 2017 as UCC #36-2017-46171 assigning rights under original Financing Statement, as continued, to OSK VII, LLC.

 iv. UCC Financing Statement Amendment filed December 12, 2019 as UCC #36-2019-50798 assigning rights under original Financing Statement, as continued and previously assigned, to BY Equities, LLC.

B. Jefferson Parish

 i. UCC Financing Statement filed November 12, 2013 in favor of First NBC Bank as UCC # 26-335941.

 ii. UCC Financing Statement Amendment filed November 29, 2017 as UCC #26-371848 assigning rights under original Financing Statement to OSK VII, LLC.

 iii. UCC Financing Statement Amendment filed July 24, 2018 as UCC #26-374230 continuing effect of original Financing Statement.

       iv.    UCC Financing Statement Amendment filed December 19, 2019 as UCC 26-390447 assigning rights under original Financing Statement, as continued and previously assigned, to BY Equities, LLC.

Certified copies of the Financing Statement and Amendments recorded in Orleans Parish are attached as Exhibits H-1 to H-4, and certified copies of the Financing Statement and Amendments recorded in Jefferson Parish are attached as Exhibits I-1 to I-4.

**22.**

By virtue of the assignment of the Note to BY, the rights of the original lender under the Commercial Security Agreement in the collateral described therein likewise have been assigned to BY.

## V.  THE DEFAULT UNDER THE NOTE AND COMMERCIAL GUARANTY

**23.**

The Note, as modified by the two Change in Terms Agreements, matured on December 5, 2016.  On that date all amounts due under the Note became due and payable.  Carver failed to pay the Note in full on that date, and its failure constituted an event of default under both the Note and the Security Agreement, which default has continued to the present day.

**24.**

Upon the default by Carver under the Note, Oppman became obligated immediately and unconditionally, solidarily with Carver, to pay to BY the full amount due thereunder.

**25.**

As of March 31, 2020, the principal amount of $1,366,875.66 was due under the Note, together with accrued interest of $317,976.42.  Interest continues to accrue on the unpaid principal balance at the contractual rate of 7.00% per annum until the Note is paid in full.

**26.**

In addition, both Carver and Oppman are liable for the reasonable attorneys' fees and other expenses incurred by BY in enforcing its rights under the Note, Commercial Guaranty, and Security Agreement.

**WHEREFORE,** plaintiff, BY Equities, LLC, prays that, after due proceedings are had, there be judgment as follows:

(a) In its favor and against the defendants, Carver Theater Productions, LLC and Eugene G. Oppman, *in solido* in the principal amount of $1,366,875.66, together with accrued interest of $317,976.42 through March 31, 2020, and additional interest from April 1, 2020 on the unpaid principal balance at the contractual rate of 7.00% per annum until the Note is paid in full;

(b) Recognizing the Security Agreement and the rights of BY Equities, LLC in the collateral described therein;

(c) Ordering that the collateral described in the Security Agreement be sold and that out of the proceeds of the sale, BY Equities, LLC be paid in preference to all others;

(d) For all costs of this proceeding, together with the reasonable attorneys' fees and expenses incurred by BY Equities, LLC in enforcing its rights against the defendants under the Note, Commercial Guaranty, and Security Agreement; and

(e) For all such other and further relief as is just and equitable.

                                        **Respectfully submitted,**

                                        **STEEG LAW FIRM, LLC**


                                              **/s/ Charles L. Stern, Jr.**
                                        **CHARLES L. STERN, JR. (12451) (T.A.)**
                                        **201 St. Charles Avenue; Suite 3201**
                                        **New Orleans, Louisiana 70170**
                                        **Telephone: (504) 582-1199**
                                        **Facsimile: (504) 582-1240**
                                        **Email: cstern@steeglaw.com**

                                        **Attorneys for BY Equities, LLC**