UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BY EQUITIES, LLC                           CIVIL ACTION

VERSUS                                     No.: 20-1290

                                           C/W: 20-2540

CARVER THEATER                             SECTION: "J"(5)
PRODUCTIONS, LLC, ET AL.

### ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 15)** filed by Carver Theater Productions, LLC ("Carver"), an opposition thereto by Defendant FNBC NMTC No. 1, LLC ("FNBC") (Rec. Doc. 21), and a reply by Carver (Rec. Doc. 27). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Carver's motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This matter arises out of a promissory note held by Carver that was executed by FNBC as the borrower. On March 10, 2017 and thereafter, FNBC allegedly ceased making its required quarterly payments. FNBC was part of the now-defunct First NBC Bank. When First NBC Bank failed, the FDIC sold its assets. Carver alleges that ACP NMTC Acquisition Company, LLC ("ACP") acquired FNBC from the FDIC, which FNBC disputes.

On July 24, 2020, Carver filed a petition in the Civil District Court for the Parish of Orleans and named FNBC and ACP as defendants. On September 17, 2020, FNBC removed the present case to federal court, arguing that it is not a Louisiana

citizen and that ACP, which is a Louisiana citizen, is not a proper party to the litigation. The case was assigned docket number 20-cv-2540 and was subsequently consolidated with *BY Equities, LLC v. Carver Theater Productions, LLC et al.*, C.A. No. 20-1290. On October 19, 2020, Plaintiff filed the instant motion to remand due to an alleged lack of diversity of citizenship.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The party seeking to invoke federal jurisdiction bears the burden of showing jurisdiction exists. *Mumfrey*, 719 F.3d at 397. Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## DISCUSSION

Carver does not dispute that the amount in controversy is met. Thus, the issue before the Court is whether the parties are diverse. FNBC removed this case to federal court based on two arguments. First, FNBC argues that its sole member is

not a Louisiana citizen. Second, FNBC argues that ACP is not a proper party to this ligation. Carver disputes both of these arguments and also argues that it has a claim against a non-diverse party, which Carver will amend its complaint to include. Therefore, in order to determine whether this case should be remanded, this Court must determine: (1) whether any members of FNBC are Louisiana citizens; (2) whether ACP is a proper party to the litigation; and (3) whether Carver's stated intention to add a non-diverse party has merit under the facts alleged.

**I.   IS FNBC A LOUISIANA CITIZEN?**

The citizenship of an LLC is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Carver originally alleged that ACP, which is a Louisiana citizen, is the owner of FNBC. However, FNBC argues that its sole member is ACP Secondary Purchase Investment Fund, LLC ("ACP Secondary"). ACP Secondary's sole member is Citibank, N.A., which is a nationally chartered bank. (Rec. Doc. 21 at p. 7). As a nationally chartered bank, Citibank is a citizen of the state in which its main office is located, which is South Dakota. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 315 (2006); (Rec. Doc. 21 at p. 7).

In its reply brief, Carver argues that an entity known as Advantage Capital Management Corporation ("ACP Management"), which is a citizen of Louisiana, was the purchaser of FNBC. In support of its argument, Carver attached correspondence with the FDIC as evidence, in which the FDIC states that Advantage Capital Management Corporation purchased FNBC. (Rec. Doc. 27-1). However, FNBC has

3

attached the declaration of Michael T. Johnson, the managing director of ACP Management, in which he declares that the FDIC transferred its membership interest in FNBC to ACP Secondary, not ACP Management. (Rec. Doc. 21-1). In addition, FNBC also attached the "Master Assignment, Conveyance, and Assumption" (hereinafter referred to as "the Assignment") between the FDIC and ACP, which clearly demonstrates that the FDIC agreed to sell 100% of the membership interest in FNBC to ACP Secondary. (Rec. Doc. 21-2 at p. 4).

Based on this evidence and the arguments of both parties, the Court finds that ACP Secondary is the purchaser and sole member of FNBC. Since ACP Secondary is a citizen of South Dakota, it is diverse from Carver, who is a citizen of Louisiana.

## II. IS ACP A PROPERTY PARTY TO THIS LITIGATION?

For diversity jurisdiction purposes, the Court must disregard the citizenship of an improperly joined defendant. *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020). "To determine whether the plaintiff can establish a cause of action against the non-diverse defendant, the district court conducts a Federal Rule of Civil Procedure 12(b)(6) analysis." *Id.* The district court has discretion to "pierce the pleadings and conduct a summary inquiry." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Carver argues that ACP is a properly named defendant because the Assignment designated the FDIC as "Seller" and ACP as "Purchaser." (Rec. Doc. 27 at p. 2). However, the Assignment actually specifies that each designee is a "Purchaser" and collectively referred to these designees as "Purchasers." (Rec. Doc.

4

21-2.) As stated above, the Assignment specifies that ACP Secondary purchased FNBC. (Rec. Doc. 21-2 at p. 4). Thus, this argument is meritless, and ACP is not a proper party to this litigation.

### III. IS ACP MANAGEMENT A PROPER PARTY TO THIS LITIGAITON?

Finally, Carver argues that the motion to remand should be granted because it intends to amend its complaint to name ACP Management as a defendant based on its belief that ACP Management purchased FNBC. (Rec. Doc. 27 at 2). As stated above, ACP Secondary purchased FNBC, and ACP Management is not a member of ACP Secondary. However, ACP Management is the non-member manager of ACP Secondary. (Case #: 20-cv-2540, Rec. Doc. 1-2 at p. 2).

A manager of an LLC "is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company." La. R.S. 12:1320(C). However, a manager may be a proper party for claims "involving fraud, breach of a professional duty, or other negligent or wrongful act." *Hodge v. Strong Built Int'l, LLC*, 2014-1086 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1159, 1164 (citing La. R.S. 12:1320(D)).

Carver's complaint includes no allegations that ACP Management or any other party committed fraud, breach of professional duty, or other negligent or wrongful conduct. (Case #: 20-cv-2540, Rec. Doc. 1-1 at pp. 3-7). Therefore, Carver has failed to state a claim against ACP Management upon which relief could be granted. Thus, Carver's motion to remand must be denied because the current parties are fully

diverse, and Carver has failed to show that it may bring claims against a non-diverse party.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Carver's *Motion to Remand* **(Rec. Doc. 15)** is **DENIED**.

New Orleans, Louisiana this 10th day of November, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE