UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BY EQUITIES, LLC                                    CIVIL ACTION

VERSUS                                              No.: 20-1290

                                                    C/W: 20-2540

CARVER THEATER                                      SECTION: "J"(5)
PRODUCTIONS, LLC, ET AL.

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 10)** filed by BY Equities, LLC (referred to as "Plaintiff"), an opposition (Rec. Doc. 18) thereto by Carver Theater Productions, LLC ("Carver") and Eugene Oppman (collectively referred to as "Defendants"), a reply by Plaintiff (Rec. Doc. 25), and a sur-reply by Defendants. (Rec. Doc. 29). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On January 29, 2015, Carver executed a promissory note ("the Note") in the original principal amount of $1,590,278.00 payable to the order of First NBC Bank ("FNBC"). The Note's maturity date absent demand was May 2, 2015. The Note was subsequently modified by a Change in Terms Agreement on August 28, 2015, which increased the maximum principal indebtedness to $1,628,977.72 and extended the maturity date to February 1, 2016. The parties executed a Second Change in Terms Agreement on March 8, 2016, which extended the maturity date to December 5, 2016.

Eugene Oppman signed a Commercial Guaranty, which guaranteed all of Carver's indebtedness to FNBC, "now existing or hereafter arising or acquired, on an open and continuing basis." The Commercial Guaranty specifies that it is transferrable to any subsequent holders of Carver's indebtedness. The Note is also secured by a Commercial Security Agreement executed by Carver and granted to FNBC and its assignees.

On April 28, 2017, FNBC was closed by court order. The FDIC was appointed as receiver of FNBC, vested with title to its assets, and granted managerial control of the failed bank. On October 18, 2017, the FDIC assigned the Note to OSK VII, LLC ("OSK"), which subsequently assigned the Note to Plaintiff on December 12, 2019.

The Note matured on December 5, 2016. Carver concedes that the Note was not fully paid upon maturity, which placed it in default. Carver has not made any payments towards the balance of the Note since December 12, 2019. After issuing formal demand for payment, Plaintiff filed this suit against Carver and Eugene Oppman to collect the balance due under the Note and enforce its rights under the Commercial Guaranty and Commercial Security Agreement. After 3 months had passed since Defendants filed their answer, Plaintiff filed the instant motion for summary judgment.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

## DISCUSSION

Carver has conceded that it is in default of the Note that was assigned to Plaintiff. (Rec. Doc. 6 at ¶ 23). Therefore, summary judgment should be granted in favor of Plaintiff unless Defendants have asserted an affirmative defense that is supported by sufficient material facts.

Defendants bear the burden of proving any affirmative defense. *F.T.C. v. Nat'l Business Consultants, Inc.*, 376 F.3d 317, 320 (5th Cir. 2004). Defendants have submitted two non-conclusory affirmative defenses for the Court to consider. First, Defendants argue that Plaintiff acquired the Note as a result of the sale of a litigious right, and thus, Defendants are entitled to pay the price that OSK paid to the FDIC, instead of the total balance of the Note. Second, Defendants argue that Carver was fraudulently induced to take the loan by FNBC. In the alternative, Defendants argues

3

that they should be allowed more time for discovery before the Court decides to grant Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).

## I. SALE OF A LITIGIOUS RIGHT

Defendants argue that the Note was a litigious right when it was assigned to OSK and subsequently to Plaintiff. (Rec. Doc. 18 at p. 4-5). Plaintiff argues that the right was not litigious, and, even if the right was litigious, it was not exercised promptly. (Rec. Doc. 25 at p. 3).

"When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment." La. Civ. Code art. 2652. The right to redeem a litigious right must be exercised promptly. *Clement v. Sneed Brothers*, 116 So. 2d 269, 271 (1959). In *Charrier v. Bell*, the Louisiana First Circuit Court of Appeal held that the filing of a motion for litigious redemption was not timely because six months had passed since the movant had knowledge of the sale of a litigious right. 380 So. 2d 155, 156 (La. Ct. App. 1979). Similarly, in *A. M. & J. Solari, Ltd. v. Fitzgerald*, the Louisiana Fourth Circuit Court of Appeal held the same when 11 months had passed since the movant had knowledge of the sale of a litigious right. 150 So. 2d 896, 897 (La. Ct. App. 1963).

Over 3 years have passed since the FDIC transferred the allegedly litigious rights to the Note to OSK, and over 10 months have passed since OSK transferred said rights to Plaintiff. (Rec. Doc. 25 at p. 2). Since failure to motion for litigious

redemption within six months results in untimeliness, Defendants have failed to assert any right to litigious redemption that may or may not have existed in a timely manner. Thus, Defendants' affirmative defense that they are entitled to litigious redemption must fail.

## II. FRAUDULENT INDUCEMENT

Defendants also argue that they have asserted fraudulent inducement as an affirmative defense. Specifically, Defendants allege that Ashton Ryan and Bryan Brad Calloway, individually and on behalf of FNBC, intentionally misrepresented to Defendants that state and federal tax credits would pay the Note. (Rec. Doc. 18 at pp. 6-7). Defendants aver that Carver would not have executed the Note without these false misrepresentations. (Rec. Doc. 18 at p. 7). In response, Plaintiff argues that Defendants' fraudulent inducement defense is barred by the *D'Oench, Duhme* doctrine. (Rec. Doc. 25 at p. 4).

The *D'Oench, Duhme* doctrine prevents parties from "rely[ing] on an oral agreement between [a failed bank and its customer] as the basis for defenses or claims against the FDIC." *Lemaire v. FDIC*, 20 F.3d 654, 657 (5th Cir. 1994). This rule was codified in 12 U.S.C. § 1823(e)(1). The protections granted under the *D'Oench, Duhme* and § 1823(e)(1) have been extended to private parties that purchase the assets of insolvent banks from the FDIC. *Porras v. Petroplex Sav. Ass'n*, 903 F.2d 379, 381 (5th Cir. 1990); *C&C Inv. Properties, L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 659 (5th Cir. 2016).

Defendants have not submitted any writings showing that FNBC made representations that state and federal tax credits would pay off the Note that is the subject of this litigation. Thus, this fraudulent inducement defense should fail under the *D'Oench, Duhme* doctrine. However, Defendants aver that documents supporting its defense will likely be found in the course and scope of discovery.

Summary judgment for failure to provide supporting evidence is warranted only "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment may be denied under Rule 56(d) when the opposing party submits "a plausible basis for that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

In support of its contention that discovery will likely produce documents supporting its fraudulent inducement defense, Defendants cite the Commercial Security Agreement between Carver and FNBC, which granted a security interest in favor of FNBC and its assignees over "[c]apital contributions received by [Carver] directly or indirectly from State Tax Credit Investor(s) related to State of Louisiana Historic Restoration Tax Credits and State of Louisiana Live Entertainment Performance Tax Credits." (Rec. Doc. 18 at p. 7). These references to specific tax credits in the Commercial Security Agreement tends to support Defendants' argument that tax credits were a subject of the negotiation between FNBC and Defendants. (Rec. Doc. 29 at p. 3).

Thus, Defendants have demonstrated that some negotiation over tax credits between Defendants and FNBC likely occurred, and, if the results of such negotiations were memorialized in writing, Defendants have asserted fraudulent inducement as a plausible affirmative defense. Discovery regarding the existence of any such documents has not yet occurred. Therefore, Plaintiff's motion for summary judgment should be denied until such discovery has been completed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Summary Judgment* **(Rec. Doc. 10)** is **DENIED** without prejudice.

New Orleans, Louisiana this 17th day of November, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE