UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BY EQUITIES, LLC | CIVIL ACTION |
| VERSUS | NO. 20-1290 |
| | C/W: 20-2540 |
| CARVER THEATER PRODUCTIONS, LLC ET AL. | SECTION: "J"(5) |
| Applies to: 20-1290 | |

### ORDER AND REASONS

Before the Court are Defendants Carver Theater Productions, LLC and Eugene Oppman's *Motion for Reconsideration or Alternatively for Relief from Judgment* **(Rec. Doc. 142)**, and Plaintiff BY Equities, LLC's opposition (Rec. Doc. 151), to which Defendants reply (Rec. Doc. 155). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendants' motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

As previously detailed, this case arises out of a defaulted promissory note. Carver executed a promissory note ("the Note") in the original principal amount of $1,590,278.00, payable to the order of First NBC Bank ("FNBC"). After a series of modifications, the Note matured on December 5, 2016. Signing a Commercial Guaranty, Oppman guaranteed Carver's indebtedness to FNBC, "now existing or hereafter arising or acquired, on an open and continuing basis." After FNBC's closure,

1

the FDIC was appointed as receiver, assigning the Note to OSK VII, LLC on October 18, 2017. OSK, in turn, assigned the Note to Plaintiff on December 12, 2019. It is uncontested that Carver had not fully paid off the Note upon its maturity, placing Carver in default. After issuing formal demand for payment, Plaintiff filed this suit against Carver and Oppman to collect the balance due under the Note and enforce its rights under the Commercial Guaranty and Commercial Security Agreement.

In consideration of a September 2020 Motion for Summary Judgment from BY Equities, the Court determined Defendants' affirmative defense of fraudulent inducement would benefit from additional discovery. *See* Rec. Doc. 31. After a lengthy stay of the proceedings, both sides moved for summary judgment, contending four years later their respective positions were proven.

In support of their contentions, Defendants relied on two supportive writings to overcome the *D'Oench, Duhme* doctrine's bar of oral agreements supporting a defense: (1) a 2012 FNBC credit memo and (2) Third Party Defendant and former FNBC President Ashton Ryan's discovery admissions. This Court, however, determined neither was sufficient, denying Defendants' Motion for Summary Judgment and granting Plaintiff's.

Defendants now move for reconsideration of that ruling. Specifically, Defendants assert the Court committed manifest errors of fact and law because Plaintiff caused Carver's default of the Note by preventing its extinguishment— either through its acquisition by Defendants or the unwinding of the tax credit

structure. Additionally, Defendants forecast pending discovery may provide the necessary writing to overcome the *D'Oench, Duhme* doctrine, making the previous ruling a substantial injustice. Plaintiff opposes.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the

movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *SnoWizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

Defendants make two fraud-related arguments: fraud in the inducement and fraud in prevention of Defendants' extinguishing the Note. The first was thoroughly treated in the Court's previous Order and Reasons. The second demands closer scrutiny.

Defendants insist reconsideration on the issues related to the *D'Oench, Duhme* doctrine is appropriate because an additional request to the FDIC is pending. (Rec. Doc. 142-1 at 18–19). Correspondence from the FDIC attached to the instant motion refers to a request made on August 19, 2024. (Rec. Doc. 142-13). As such, the request came after the filing of Defendants' Motion for Summary Judgment and their opposition to Plaintiff's motion. Their reply memorandum in support of their Motion for Summary Judgment, filed on September 3, 2024, is silent on the request. (Rec. Doc. 127). Although Defendants rightly note the prolonged stay in this case due to Ryan's criminal trial, they placed the fraudulent inducement issue before the Court

4

and cannot now "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin*, 2010 WL 3943522, at *2. Defendants had sufficient opportunity to discover necessary documentation, particularly as the Court made such written discovery decisive in the previous denial of Plaintiff's Motion for Summary Judgment. (*See* Rec. Doc. 31). Defendants do not establish a ground to reconsider the application of the the *D'Oench, Duhme* doctrine to the claim.

Defendants neither receive relief through their conclusory allegations of fraud against Plaintiff BY Equities. In their Second Amended Answer, Defendants allege as an affirmative defense and counter-claim Plaintiff BY Equities acquired the Note through fraud. (Rec. Doc. 130). Their instant motion further asserts that Plaintiff prevented Defendants from extinguishing the Note—either through stopping its acquisition by Defendants or stalling the unwinding of the tax credit structure.

Defendants obscure the issue. After back-and-forth negotiations, BY Equities agreed to pay OSK's asking price for the Note. Defendants do not allege that they themselves sought to perform their obligation under the Note or otherwise acquire it—but then were rebuffed from doing so. After acquisition of the Note, BY Equities rightly could seek payment on the defaulted Note.

Defendants also contend that Plaintiff prevented the indirect extinguishment of the Note through the unwinding process of the separate Leverage Loan tax credit structure, which it asserts would have been used to pay off the Note. Defendants allege that Plaintiff conspired to slow that process through misrepresentations and

5

dilatory tactics of parties to the Leverage Loan, namely FNBC-created entities. These allegations may have provided a basis for action against FNBC in the consolidated case, but are conclusory as to BY Equities.

Defendants bear the burden of proving any affirmative defense. *F.T.C. v. Nat'l Business Consultants, Inc.*, 376 F.3d 317, 320 (5th Cir. 2004). Defendants raise the affirmative defenses of fraud and violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). Although similar, these two defense grounds are distinct under Louisiana law. For delictual fraud, a party must establish "(a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." *Guidry v. U.S. Tobacco Co., Inc.,* 188 F.3d 619, 627 (5th Cir. 1999).

A violation of LUTPA, on the other hand, is not as precisely defined. LUTPA provides in pertinent part that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. Stat. Ann. § 51:1405(A); *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.,* 2009-1633 (La. 4/23/10), 35 So. 3d 1053, 1056. The statute uses broad, subjective terms and does not specifically define or enumerate the acts and practices that constitute "unfair methods of competition" or "unfair or deceptive acts or practices." *Levine v. First Nat. Bank of Commerce,* 2006-0394 (La. 12/15/06), 948 So. 2d 1051, 1065. Rather, the courts decide, on a case-by-case basis, what conduct violates the statute. *Cheramie Servs., Inc.* 35 So. 3d at 1059 (citations omitted); *Levine,* 948 So. 2d at 1066 (citations omitted). Louisiana courts have repeatedly held

that to recover under LUTPA, the movant must show that the alleged conduct "'offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'" *Cheramie Servs., Inc.,* 35 So. 2d at 1059 (citations omitted); *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.,* 220 F.3d 396, 404 (5th Cir. 2000) (citing *Schenck v. Living Centers–East, Inc.,* 917 F. Supp. 432, 439 (E.D. La. 1996)). "[T]he range of prohibited practices under LUTPA is extremely narrow." *Cheramie Servs., Inc.,* 35 So. 2d at 1060.

Here, Defendants contend Plaintiff prevented the unwinding of the tax credit structure by the dual roles of Kristen "Weezie" Melancon, described as an agent/partner of BY Equities and general manager of Defendants' theater. Defendants produce an email from an FNBC-created entity to Melancon regarding unwinding terms that included BY Equities's participation. (Rec. Doc. 142-1 at 16). The email, however, lists BY Equities fully satisfying the Note—an action, as already noted, that Defendants did not attempt. Absent is evidence of BY Equities (a non-party to the Leverage Loan) fraudulently preventing the unwinding or exerting an influence on a transaction it did not have. Again, any delay in the unwind process or the refusal to abide by the terms of the Leverage Loan so as to satisfy the Note may give rise to a fraud or LUTPA action against others. Defendants, however, only produce conclusory allegations against BY Equities. As such, they do not present evidence to sustain the asserted affirmative defense.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Carver Theater Productions, LLC and Eugene Oppman's *Motion for Reconsideration or Alternatively for Relief from Judgment* **(Rec. Doc. 142)** is **DENIED**.

New Orleans, Louisiana, this 19th day of November, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE