UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BY EQUITIES, LLC                                      CIVIL ACTION

VERSUS                                                NO. 20-1290

                                                      C/W: 20-2540

CARVER THEATER                                        SECTION: "J"(5)
PRODUCTIONS, LLC ET AL.

Applies to: 20-1290

## ORDER AND REASONS

Before the Court are Plaintiff BY Equities, LLC's *Motion to Set Amount of Award for Attorney's Fees, Expenses and Costs* **(Rec. Doc. 146)** and Defendants Carver Theater Productions, LLC and Eugene Oppman's opposition (Rec. Doc. 153), to which Plaintiff replies (Rec. Doc. 154). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

As detailed in an accompanying Order and Reasons, this litigation involves a defaulted promissory note ("the Note") assigned to Plaintiff and owed by Defendants. After the Court determined both that the Note was due and Defendants' affirmative defenses did not prevent Plaintiff's recovery, Plaintiff moved for attorney's fees and costs as specified in the Note. Defendants oppose.

## LEGAL STANDARD

"State law controls both the award of and the reasonableness of fees awarded

1

where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).[1] Accordingly, the Court will apply Louisiana law to Plaintiff's request for attorney's fees.

Under Louisiana law, attorney's fees are recoverable only where authorized by statute or contract. *Rivet v. State, Dep't of Transp. & Dev.*, 96-145, p. 10 (La. 9/5/96), 680 So. 2d 1154, 1160. Here, the basis of Plaintiff's fee award is contractual. The Note specifies fees and costs in the event of default:

> Should any one or more default events occur or exist under this Note as provided above, Lender shall have the right, at Lender's sole option, to declare formally this Note to be in default and to accelerate the maturity and insist upon immediate payment in full of the unpaid principal balance then outstanding under this Note, plus accrued interest, together with reasonable attorneys' fees, costs, expenses and other fees and charges as provided herein.

(Rec. Doc. 1-2 at 1). This recovery is limited to "an amount not exceeding 25.000% of the principal balance due on the loan." *Id.* at 1–2. The Note has a principal amount of $1,366,075.66. (*See* Rec. Doc. 140).

"An accepted method with which to begin calculation of a fee award under Louisiana law is to multiply the hours worked by an hourly rate the Court deems to be reasonable." *Bodin v. Butler*, No. 07-3505, 2008 WL 5122354, at *5 (E.D. La. Dec. 4, 2008) (citation omitted). Courts then consider the following ten factors for determining the reasonableness of an award for attorney's fees:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances

---

[1] Neither party briefs the issues under Louisiana law. Their reliance on similar federal jurisprudence, however, does not prevent thorough consideration of the fee issue.

involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.

*Rivet*, 680 So. 2d at 1161. These guidelines are permissive and consideration of all of them is not necessary. *Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988).

## **DISCUSSION**

Plaintiff seeks an award of $141,064.00 in attorney's fees and $22,660.00 in costs and expenses, for a total award of $163,724.00. In a litigation with fifteen contested motions, Plaintiff insists the award is reasonable. In contrast, Defendants cite back to Plaintiff its "simplicity theory." (Rec. Doc. 153 at 2 ("BY has maintained that this case is really simple.")). Defendants conclude Plaintiff cannot prevail on a simplicity theory and then receive an award of sizeable fees and costs. Defendants instead assert the appropriate award recoverable to be $28,965.00, reducing attorney's fees to $28,440.00 and costs to $525.00.

### I.    ATTORNEY'S FEES

The Court has already determined that Defendants are liable for the defaulted Note. In its justification of the requested fee amount, Plaintiff contends it has excluded duplicative and unrelated services and reduced standard hourly rates. Specifically, lead attorney Charles Stern's rate is factored at $400/hour (down from $450/hour) and paralegal Nicolle Jene is billed at $160 (down from $180/hour). As Plaintiff insists, "The rates charged to BY were well within prevailing rates in the New Orleans community for similar work performed by attorneys and paralegals of similar skills, experience, and reputation." (Rec. Doc. 146-1 at 6).

Defendants critique both Stern and Jene's totals. Defendants find caselaw to support the highest hourly rate for a paralegal to be $100/hour. (Rec. Doc. 153 at 22 (citing *Smith v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist.*, No. 17-7267, 2019 WL 7580771, at 2 (E.D. La. Sept. 5, 2019), *report and recommendation adopted*, No. 17-7267, 2019 WL 7580772 (E.D. La. Oct. 1, 2019)). Although noting the high watermark, Defendants favor a rate at $75/hour for Jene's work. Plaintiff counters that Jene's rate reflects her specialized training (which includes a law degree) and the current market rate.

Defendants also argue that only 5.6 hours of her billed 52.65 hours is awardable. To Defendants, "Most of this purported work is either duplicative, excessive, or is actually secretarial in nature." (Rec. Doc. 153 at 6). Indeed, paralegal costs can be recovered "only to the extent that the paralegal's duties consist of work traditionally done by an attorney." *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016), *remanded on other grounds*, 869 F.3d 360 (5th Cir. 2017); *see also Advanced Quality Constr., Inc. v. Amtek of Louisiana, Inc.*, 2016-0359, p. 4 (La. App. 1 Cir. 10/28/16) (subtracting from fee award "numerous entries where paralegal time was billed for tasks that are inherently secretarial, such as making copies, printing emails, making telephone calls, updating calendars, etc.").

The Court reads the time entries differently from Defendants. The bulk of the challenged entries have Jene reviewing or organizing material—tasks that go beyond those secretarial in nature. However, a distinct minority of entries are inherently secretarial. (*See, e.g.,* Rec. Doc. 153 at 9 ("Calendar conference and note

teleconference number"); *id.* at 12 ("E-file motion for summary judgment"); *id.* at 13 ("Download summary judgment as filed")). Accordingly, the Court reduces the paralegal hours by 10% (or 5.27 hours), for a total of 47.38 hours. Due to Jene's expertise—which includes her status as a licensed attorney—the Court accepts the $160/hour rate as reasonable, yielding an amount of $7,580.80 towards the attorney's fee award.

The conclusion is even stronger as to the award attributable to Stern's activity. Plaintiff asserts 331.60 hours performed in this litigation; Defendants counter with a proposal for an 80+% reduction. Significantly, Defendants do not challenge Plaintiff's proposed rate, but merely that the litigation tasks could be reasonably completed in 70 hours. The Court disagrees. Although the ultimate resolution of the action turned on the promissory note language, parties debated various issues of fraud and conspiracy, a complicated interlocking debt structure, and the relevance of criminal bank fraud charges. The Court finds the $132,640.00 proposed attorney's fees related to Stern's activity reasonable. In sum, an attorney's fees award of $140,220.80 is appropriate.

## II.   COURT COSTS AND EXPENSES

Finally, parties debate Plaintiff's proposed costs. As previously noted, in the case of a default, the lender had the right to "insist upon immediate payment in full of the unpaid principal balance then outstanding under this Note, plus accrued interest, together with reasonable attorneys' fees, *costs, expenses and other fees* and charges as provided herein." (Rec. Doc. 1-2 at 1 (emphasis added)). Thus, the agreed-

upon terms supply broader payment than mere "court costs," which Louisiana law defines as "[t]he costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court[.]" La. Stat. Ann. § 13:4533. Even under the narrower "court costs" definition, however, Plaintiff's expert fees could be awardable, as some Louisiana courts have included such fees in litigation decided on motion practice. *Reynolds v. Louisiana Dep't of Transp.*, 2015-1304 (La. App. 1 Cir. 4/13/16), 194 So. 3d 56, 60 (citing *Riddle v. Louisiana Power and Light Co.,* 94-1386 (La. App. 1st Cir. 4/7/95), 654 So. 2d 698, 703, *writ denied,* 95-1599 (La. 9/29/95), 660 So. 2d 871; *Breaux v. Romero & Associates, Inc.,* 95-691 (La. App. 3d Cir. 11/2/95), 664 So. 2d 683, 686–87) ("Generally, 'on the trial' has been held to include costs that are necessary to investigate and defend a lawsuit and to bring a case to trial on a motion for summary judgment.").

Here, however, parties provided for broader repayment, including "costs, expenses and other fees" associated with obtaining payment of the defaulted Note. Plaintiff retained its expert to address Defendants' affirmative defense and counter-claim of fraud. The Court finds such retainment reasonable given the serious allegations and complicated unwinding process. Based on the language in the Note, this Court concludes $22,660.00 in costs and expenses appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff BY Equities, LLC's *Motion to Set Amount of Award for Attorney's Fees, Expenses and Costs* **(Rec. Doc. 146)** is

**GRANTED IN PART**, and BY Equities is awarded $140,220.80 attorney's fees and

$22,660.00 in costs and expenses.

New Orleans, Louisiana, this 19th day of November, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE